**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                              No. 00-4524

KEISHA N. BRUTON,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-99-232)

Submitted: December 21, 2000

Decided: April 17, 2001

Before LUTTIG, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Mary Lou Newberger, Acting Federal Public Defender, Brian J. Kornbrath, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Ray M. Shepard, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Keisha Bruton appeals her conviction and sentence imposed following a guilty plea to possession of cocaine base with the intent to distribute, in violation of 21 U.S.C.A. § 841 (West 1999). Bruton claims on appeal that the district court erred by denying her motion to suppress the evidence against her and erred at sentencing. Finding no error, we affirm.

Bruton contends that the district court erred in denying her motion to suppress the evidence obtained as a result of a search of her purse at the Amtrak station in Charleston, West Virginia. "The presence or absence of reasonable suspicion must be determined in light of the totality of the circumstances confronting a police officer, including all information available to an officer and any reasonable inferences to be drawn at the time of the decision to stop a suspect." *United States v. Crittendon*, 883 F.2d 326, 328 (4th Cir. 1989). We have reviewed the record and the claims of error advanced by Bruton and find the district court did not err in denying Bruton's motion to suppress the evidence found as a result of her stop and subsequent search. *See Terry v. Ohio*, 392 U.S. 1, 30 (1968); *see also INS v. Delgado*, 466 U.S. 210, 216-17 (1984).

With regard to Bruton's claims of error by the district court at sentencing, we conclude that the court's finding encompasses all necessary factual predicates to support an offense-level enhancement for obstruction of justice. Bruton's false testimony regarding her purpose for travel, which she gave at the hearing on her motion to suppress, was directly related to the issue at the hearing—whether the officers reasonably assessed Bruton's behavior leading up to the stop and search of her bags and purse. We therefore find the district court did not err by enhancing Bruton's base offense by two levels, pursuant to *U.S. Sentencing Guidelines Manual* § 3C1.1 (1998), for wilfully testi-

fying falsely to a material matter. *See United States v. Murray*, 65 F.3d 1161, 1165 (4th Cir. 1995), *vacated in part on other grounds*, No. 97-6737, 176 F.3d 476 (4th Cir. Apr. 6, 1999) (unpublished).

As to Bruton's claim that the district court should have reduced her offense level because she played a minor role in the offense, pursuant to USSG § 3B1.2(b) (1998), we find the district court did not clearly err by declining to accept Bruton's account of her role in the offense. *See United States v. Lipford*, 203 F.3d 259, 272 (4th Cir. 2000); *United States v. White*, 875 F.2d 427, 434 (4th Cir. 1989).

Finally, we have considered the effect of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000), and find that, because Bruton's five-year term of supervised release did not exceed the statutory maximum set out in 21 U.S.C.A. § 841(b)(1)(C) (West 1999), her sentence is permissible under *Apprendi*. *See United States v. Pratt*, No. 99-4424, 2001 WL 101457, at *6-7 (4th Cir. Feb. 7, 2001).

Accordingly, we affirm Bruton's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument could not aid in the decisional process.

*AFFIRMED*